IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATHAN ARCHULETA,

    Petitioner,

v.                                                                                     No. 23-cv-0727 MLG/DLM

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO CURE DEFICIENCY

This matter is before the Court on Nathan Archuleta's letter filed August 28, 2023. (Doc. 1.) The Letter, addressed to the Office of the Federal Public Defender, seeks a review of his criminal sentence in case No. 2:09-cr-2968 MLG/DLM-6 to determine whether he is eligible for relief under amendments to the sentencing guidelines. (*See* Doc. 1.) The Letter includes references to 922(g)(1) and 924(a)–(c), but it does not specify the basis for relief. (*Id.*)

Archuleta may intend to pursue habeas relief under 28 U.S.C. § 2255. The Court will therefore mail a § 2255 habeas petition form to him. A potential § 2255 habeas petition would be successive, as the Court has previously denied habeas relief in case No.15-cv-298-RB-LAM. If Archuleta intends to file a successive habeas petition, he should return the completed petition within 30 days and the Court will determine whether it should be dismissed for lack of jurisdiction or transferred to the Tenth Circuit pursuant *In re Cline*, 531 F.3d 1249, 1251–52 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization"; the Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so . . . or it may

dismiss the motion . . . for lack of jurisdiction."). If Archuleta declines to timely file a § 2255 habeas petition in this case, the Court will dismiss the opening Letter without prejudice and close this civil case.

Archuleta may also intend to seek relief under the amendments to Parts A and B of § 4 in Appendix C of the U.S. Sentencing Commission (USSC) Guidelines Manual. Part A amends § 4A1.1(d) of the Guidelines Manual. The former version of § 4A1.1(d) adds 2 criminal history points if the defendant committed the offense while under a prior sentence, such as supervised release, probation, etc. The amendment reduces the points from 2 to 1; also, the point is only added if the defendant has seven or more criminal history points.

Part B creates a new adjustment for zero-point offenders under § 4C1.1. This provision permits a 2-point decrease in the offense level if the defendant does not have criminal history points and certain criteria are met, such as the offense did not result in bodily injury.

If Archuleta seeks relief pursuant to the amendments to Parts A and B of § 4 in Appendix C of the USSC Guidelines Manual, he must file a motion in his criminal case (No. 2:09-cr-02968-MLG-DLM-6).

**IT IS ORDERED** that if Archuleta seeks habeas relief under 28 U.S.C. § 2255, within 30 days of entry of this Order, he must file a petition on the form provided by the Court.

**IT IS FURTHER ORDERED** that the clerks office shall mail a blank form § 2255 petition to Archuleta together with a copy of this Order.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE